# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EMMANUEL PAGE
    Petitioner,

v.                                  Case No. 99-C-1270

MATTHEW J. FRANK
    Respondent.

Copy mailed to attorneys for parties by the Court pursuant to Rule 77 (d) Federal Rules of Civil Procedures.

## DECISION AND ORDER

On April 11, 2005, I issued a Decision and Order denying petitioner Emmanuel Page's petition for a writ of habeas corpus, and the Clerk of Court entered judgment pursuant to my order on the same day. Petitioner filed a motion for reconsideration of my decision pursuant to Fed. R. Civ. P. 59(e) on April 25, 2005. Rule 59(e) "allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." Divane v. Krull Elec. Co., Inc., 194 F.3d 845, 850 (7th Cir. 1999); Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). After reviewing the arguments made in petitioner's Rule 59(e) motion, I conclude that my April 11, 2005, Decision and Order was not erroneous. However, I will respond to two issues raised in petitioner's motion.

The first issue involves petitioner's argument that in State v. Hernandez, 61 Wis. 2d 253, 259 (1973), the Wisconsin Supreme Court held that a trial court must make a finding that a criminal defendant in fact made a statement to law enforcement officials before allowing a jury to consider any evidence indicating that the defendant made such a

statement. Petitioner argues that in concluding that Hernandez does not require a trial court to make such a finding, I overlooked cases subsequent to Hernandez in which courts interpreted Hernandez as requiring a trial court to make such a finding. These cases are State v. Mitchell, 167 Wis. 2d 672, 696 (1992), and State v. Lee, 175 Wis. 2d 348 (Ct. App. 1993). However, I was fully aware of Mitchell and Lee when I rendered my earlier decision. Although both cases quote Hernandez's requirement that the trial court make a finding concerning whether the defendant made the statement, both cases dispose of this requirement in a single sentence. In Mitchell, "[t]here [was] no issue as to whether the statements were made by defendant," 167 Wis. 2d at 698, and in Lee, the court stated only that "the state has shown that the statement offered was made by [defendant]." 175 Wis. 2d at 360-61. Thus, neither Mitchell nor Lee presented the courts with an opportunity to consider whether a statement that was otherwise made voluntarily had to be suppressed simply because the trial judge did not make a preliminary finding that the defendant in fact made the statement. And as explained in my earlier opinion, there is no reason to require a trial judge to make such a finding because, unlike the question of voluntariness, whether a defendant made an incriminating statement is an issue relating only to guilt or innocence, and thus is a question for the jury – not the court – to resolve. I therefore believe that if the Wisconsin courts were presented with a case such as the present one, in which a defendant contends that his statement should have been suppressed simply because the trial court did not make a preliminary finding that he in fact made the statement, they would reject the defendant's argument and clarify that Hernandez does not require the trial judge to make such a finding.

2

Case 2:99-cv-01270-LA   Filed 06/16/05   Page 2 of 3   Document 64

The second issue involves petitioner's argument that the trial judge never found that petitioner voluntarily waived his Miranda rights. Petitioner argues that the trial court expressly declined to resolve the conflict between petitioner's testimony that he never waived his Miranda rights and Shaw's and Sliwinski's testimony that petitioner waived such rights. However, based on my reading of the transcript of the Miranda-Goodchild hearing, the only factual issue that the trial judge expressly declined to resolve was whether petitioner in fact gave a statement. The trial judge stated that assuming petitioner gave the statement at all, "the statement was given freely and voluntarily after the defendant was advised of his rights." (Hearing Tr. at 53.) Accordingly, the trial judge did not expressly refuse to resolve the conflict in the testimony concerning whether petitioner waived his Miranda rights.

**THEREFORE**, for the reasons stated above and in my April 11, 2005, Decision and Order, petitioner's motion for reconsideration is **DENIED**.

Dated at Milwaukee, Wisconsin this 15 day of June, 2005.

LYNN ADELMAN
District Judge

3

Case 2:99-cv-01270-LA   Filed 06/16/05   Page 3 of 3   Document 64