# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

EMMANUEL PAGE
          **Petitioner,**

    **v.**                                **Case No. 99-C-1270**

MATTHEW J. FRANK
          **Respondent.**

---

## ORDER REGARDING CERTIFICATE OF APPEALABILITY

On July 12, 2005, habeas petitioner Emmanuel Page filed a notice of appeal of my dismissal of his case on April 11, 2005, and a request for a certificate of appealability. Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability pursuant to 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). See also Slack v. McDaniel, 529 U.S. 473, 483 (2000).

The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing"

Case 2:99-cv-01270-LA   Filed 08/09/05   Page 1 of 2   Document 69

requirement. <u>See</u> 28 U.S.C. § 2253(c)(3). Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack</u>, 529 U.S. at 484.

None of the issues raised by Page in his habeas petition deserves encouragement to proceed further, nor is the denial of each issue debatable among jurists of reason. As explained in detail in my April 11, 2005 and June 16, 2005 decisions, petitioner's trial and postconviction attorneys were not ineffective. Further, even if petitioner received ineffective assistance of counsel, the state court's implicit conclusion that he did not was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent. I believe that reasonable jurists would not find these conclusions debatable or wrong.

**THEREFORE, IT IS ORDERED** that petitioner's request for a certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin, this 9 day of August, 2005.


/s_____
LYNN ADELMAN
District Judge

2